*E-filed 10/4/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWAREWORKS GROUP, INC. | No. C06-04301 HRL |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(3) AND DENYING DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 1404(a)** |
| v. | |
| IHosting, INC., Web Hosting PLUS, INC., AND MICHAEL KOFMAN, | |
| Defendants. | Re: Docket No. 10 |

Plaintiff sues defendants for damages allegedly arising from breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional and negligent misrepresentation. Federal jurisdiction is based on diversity. Defendants move to dismiss for improper venue under 28 U.S.C. § 1406(a), or, in the alternative, to transfer the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[1]

///

---

[1] In their Reply brief, defendants challenge this court's assertion of personal jurisdiction over them. Pursuant to Fed.R.Civ.P. 12(h), however, this defense is waived because it was not joined with defendants' 12(b)(3) motion to dismiss for improper venue. See also Fed.R.Civ.P. 12 advisory committee's note, 1966 amendment, subd. h ("The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer... Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived").

**BACKGROUND**

Plaintiff SoftwareWorks Group, Inc. ("SWG"), a Delaware corporation with its principal place of business and headquarters within the Northern District of California, is a provider of Web Hosting services. Defendants IHosting, Inc. ("IHosting) and Web Hosting Plus, Inc. ("Web Hosting") are providers of shared and dedicated hosting services. They are New Jersey corporations with their headquarters and principal places of business in Fort Lee, New Jersey. Defendant Michael Kofman is a resident of New Jersey and the President, CEO, Chairman, and significant shareholder of both defendant corporations. (That he might have exposure for personal liability here is unclear from the allegations of the complaint.)

In late December 2005 and early January 2006 plaintiff entered into negotiations with defendants (through web hosting broker Hillary Stiff of Chavel Capital) regarding acquisition of plaintiff's business and customers by Web Hosting. Defendants state that the negotiation was largely conducted with defendants' representative remaining in New Jersey and plaintiff's representatives in California. Web Hosting executives informed SWG that the acquisition would be completed through another entity, IHosting. In mid-January, Mr. Kofman and another Web Hosting executive came to San Jose to visit SWG's data centers (which house the hundreds of servers operated by SWG) and conduct final negotiations. These men met with representatives of SWG in Menlo Park, California to finalize the agreement, with counsel to Web Hosting and IHosting attending the meeting by teleconference. The parties executed an asset purchase agreement, a secured promissory note, and a guaranty in Menlo Park on January 12 and 16, 2006. Thereafter, SWG's customers were "migrated" to New Jersey.

The asset purchase agreement provided for IHosting to pay SWG $600,000 at closing and $724,800 ("the Earnout Amount") in consecutive monthly installments of $51,771. The Earnout Amount was the subject of IHosting's promissory note. That promissory note was secured by Web Hosting in the guaranty.

All three documents (the asset purchase agreement, the promissory note, and the guaranty) have choice-of-law provisions selecting New Jersey law. The promissory note has, in addition, a forum selection clause, which reads in pertinent part: "Each of the parties to this

Note consents to the jurisdiction and venue of the courts of the state of New Jersey and the United States District Court for the District of New Jersey (where federal court jurisdiction is available) with respect to any action relating to a claim, dispute or controversy arising out of or in connection with this Note, any breach of this Note, or the enforceability of this Note."

SWG now alleges that IHosting defaulted on the March 1 installment. Pursuant to the terms of the promissory note, the entire Earnout Amount accelerated and became due. Allegedly, both IHosting and Web Hosting refused to make payment under the promissory note or guaranty over the course of the next few months, although two $10,000 payments were made in March and April. According to defendants, John Mills of SWG visited New Jersey in March to discuss declining revenues and to renegotiate the agreement. A revised promissory note was never executed, and defendants assert that the main reason renegotiations failed was defendants' refusal to alter the choice of law provision and forum selection clause.[2] SWG now sues IHosting for, *inter alia*, breaching the promissory note and Web Hosting for, *inter alia*, breaching the guaranty.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(3) permits a defendant to move to dismiss for improper venue. 28 U.S.C. § 1391(a) provides, in relevant part, that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

///

///

---

[2] Apparently this was the first time that issues involving choice of law and forum entered the active negotiations between the parties.

3

**DISCUSSION**

**A.     Motion to Dismiss**

Defendants first move to dismiss under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). The defendants concede that venue here would be proper but for the forum selection clause in the promissory note. The issue then is whether this district is an improper venue because of the forum selection clause in the note.

Plaintiffs argue, as a threshold matter, that only the promissory note contains a forum selection clause, and the only defendant who is a signatory to the promissory note is IHosting. Therefore, they urge the court not to consider the 12(b)(3) motion to dismiss as to Web Hosting or Kofman. The court agrees that the guaranty executed by Web Hosting (and signed by Kofman) contains no forum selection clause, and therefore the court proceeds to analyze this motion only as to defendant IHosting.

Defendants contend that plaintiff agreed to file suit "only" in New Jersey. They cite authority for the proposition that the forum selection clause is presumptively valid and should be honored absent a compelling countervailing reason. See, e.g., The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).

Plaintiffs argue that the language of the forum selection clause in the promissory note is permissive, not mandatory, and that this fact is fatal under the law to IHosting's motion to dismiss. Plaintiffs contend that because defendants cite no grounds for dismissing the action apart from the forum selection clause, and because "a substantial part of the events and omissions giving rise to the claim" occurred in this district, the motion must be denied.

The court agrees with plaintiffs that venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1406(a). There are two types of forum selection clauses, mandatory and permissive. While mandatory forum selection clauses contain language such as "exclusive" or "only," permissive clauses do not preclude the action from being litigated in another court. See Kachal, Inc. v. Menzie, 738 F.Supp. 371, 373 (D. Nev. 1990). In the promissory note at issue here, nothing is said about New Jersey being the sole or exclusive venue. The language tracks rather closely the permissive forum selection clause in Hunt Wesson Food, Inc. v.

4

1  Supreme Oil Co., 817 F.2d 75, 76 (9th Cir. 1987).  In Hunt Wesson Food, the clause stated
2  "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any
3  action at law relating to the subject matter or the interpretation of this contract."  Here, the
4  promissory note states that the parties consent to New Jersey jurisdiction and venue "with
5  respect to any action relating to a claim, dispute or controversy arising out of or in connection
6  with this Note, any breach of this Note, or the enforceability of this Note."  The court finds that
7  the promissory note indicates consent to jurisdiction and venue in New Jersey, but does not
8  mandate such jurisdiction and venue.

### B. Motion to Transfer Venue

Defendants move, as an alternative to their dismissal motion, to transfer venue pursuant to 28 U.S.C. § 1404(a).[3]  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted). The court should take into account the parties' preferences as well as more public factors, such as convenience of witnesses and the integrity of the judicial system.  Id. at 30.  Factors the court may consider include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis [and] the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (considering a mandatory forum selection clause).   The burden of establishing that an action should be transferred is on the moving party. See Kachal, 738 F.Supp. at 373.

---

[3] Plaintiff does not dispute that the action could have been brought in New Jersey.

5

1    The court first considers the intertwined factors of plaintiff's choice of forum and the
2 forum selection clause in the promissory note. Plaintiff's choice of forum, typically quite
3 important to the 1404(a) balancing process, is complicated here by the forum selection clause.
4 Defendants contend that the clause reflects plaintiff's initial choice of forum and that therefore
5 plaintiff's current preference for California bears little or no weight. Plaintiff seeks to assert its
6 current preference notwithstanding the permissive forum selection clause, and argues that a
7 plaintiff's choice of forum should not be disturbed unless clearly outweighed by other
8 considerations. The United States Supreme Court, when analyzing a mandatory clause, held
9 that the presence of a forum selection clause, though not dispositive, should figure "centrally in
10 the district court's calculus." Stewart, 487 U.S. at 29-31. A district court considering transfer
11 should take into account a permissive forum selection clause, but neither law nor logic compel
12 the court to consider it "centrally" to its analysis. See Kachal, 738 F.Supp. at 374. Moreover,
13 plaintiff has sued three defendants in this action. For the sake of judicial economy, all
14 defendants should be tried together, and therefore plaintiff's choice of this venue as to Web
15 Hosting and Kofman favors retention of the action in this district.

16   The convenience and accessibility of witnesses is of considerable importance. See
17 Kachal, 738 F.Supp. at 373. Plaintiff argues that defendants have failed to identify a single
18 non-party witness who would be inconvenienced by proceedings in California. Plaintiff has
19 identified six non-party witnesses, three of whom reside in California. The remaining three
20 reside on the East Coast, but have submitted declarations stating that travel to California would
21 not be inconvenient. Defendants do mention Hillary Stiff, the broker, as a potential witness,
22 and state that she resides in Virginia, which obviously is closer to New Jersey than to
23 California. Defendants do not, however, submit a declaration from Ms. Stiff. Given plaintiff's
24 strong argument and the declarations submitted by the East Coast witnesses, the court finds that
25 defendants have not carried their burden of showing that this factor favors transfer.

26   Defendants argue, and the court agrees, that the fact that New Jersey law will govern the
27 dispute favors transfer, as the New Jersey district court is more familiar with New Jersey law.
28

6

Plaintiff asserts that the relevant agreements were negotiated and executed in this forum. Although defendants concede that the contracts were signed in California, they point out that defense counsel was located in New Jersey at the time, and argue that therefore the "meeting of the minds occurred on a bi-coastal communication." Also, defendants argue that only the final negotiation took place at the meeting in California, while the majority of the negotiation and drafting occurred remotely from New Jersey. The court concludes that the execution of the agreements in California slightly favors retention of the action.

It is not obvious where the alleged breach of contract took place, no matter if one determines the location of breach to be the place of intended performance or the place of alleged repudiation. Plaintiff argues that the material events and omissions giving rise to its claims occurred in this forum. Defendants have made evidentiary objections to various of plaintiff's factual claims, particularly those pertaining the defendants' alleged activities in California after the deal was reached. It is undisputed, however, that defendants were in the process of "migrating" plaintiff's customers from San Jose to New Jersey for several months in early 2006, during which time they conducted or supervised nearly all of the former SWG business operations based in San Jose. Plaintiffs further contend that they have held the promissory note and the guaranty at all times in Redwood City, California. In the end, the agreement between the parties involved moving a business from California to New Jersey, material events and omissions occurred in both places, and this factor is neutral.

Plaintiff has extensive contacts with this forum while defendants do not. The reverse is true as to New Jersey, therefore this factor is neutral.

Courts should also consider whether transfer will simply shift litigation costs from one party to another. Plaintiff argues (not very convincingly) that the cost to defendants of litigating in California will be only incrementally higher, while the cost to plaintiff of litigating in New Jersey would be substantially higher. Plaintiff basically argues that defendants now possess most of plaintiff's assets and therefore plaintiff can't afford to retain and educate New Jersey counsel regarding the specifics of the case, while defendants already have local counsel. The

7

court finds this consideration relevant only to a very limited degree, and therefore this factor only slightly favors retention, if at all.

Other traditional factors in the 1404(a) balancing test seem unimportant or neutral here, such as access to evidence and the public interests of California and New Jersey.

In summary, most of the factors are neutral. The fact that New Jersey law will govern favors transfer, while plaintiff's choice of a California forum and the fact that the agreements were executed in California favors retention. The burden of establishing that an action should be transferred is on the moving party. See Kachal, 738 F.Supp. at 373. Defendants have not convinced the court that transfer would clearly promote "the convenience of parties and witnesses" or "the interest of justice." Therefore discretionary transfer under 28 U.S.C. § 1404(a) is DENIED.

## ORDER

Defendants' motion to dismiss for improper venue under 28 U.S.C. § 1406(a) is DENIED. Defendants' motion to transfer the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) is DENIED.

**IT IS SO ORDERED.**

Dated: 10/4/06                              /s/ Howard R. Lloyd
                                            HOWARD R. LLOYD
                                            UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Lael D. Andara            landara@ropers.com, aslanlair@ropers.com; mmcpherson@ropers.com; lkoozmin@ropers.com

Robert P. Andris          randris@ropers.com, lkoozmin@ropers.com; mmcpherson@ropers.com

Robert Lloyd Maines       maines@robertmaineslaw.com, jmills@OMM.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Date:   10/4/06                         /s/ JMM
                                        Chambers of Magistrate Judge Howard R. Lloyd