**United States District Court**
For the Northern District of California

1

2

3                                                              *E-filed 11/29/06*

4

5

6

7                                NOT FOR CITATION

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   SOFTWAREWORKS GROUP, INC.,                No. C06-04301 HRL

12              Plaintiff,                     **ORDER DENYING DEFENDANTS'**
          v.                                   **MOTION FOR PROTECTIVE ORDER**
13
     IHOSTING, INC., et al.,                   **[Re: Docket No. 27]**
14
              Defendants.
15   _____/

16
     IHOSTING, INC., et al.,
17
              Counterclaimants,
18        v.

19   SOFTWAREWORKS GROUP, INC.,

20              Counterdefendant.
     _____/
21

22        Defendants move for a protective order concerning access to discovery information.

23   Having reviewed the papers filed by the parties, the Court considers this matter suitable for

24   decision without oral argument.  For the reasons expressed below, the Court denies the motion.

25                            **I.  BACKGROUND**

26        This case involves a contract deal gone wrong in the spring of this year.  Defendants

27   bought the assets and customers of plaintiff, an internet host company, but the ensuing

28   "migration" of plaintiff's customers from California to defendants in New Jersey did not go

United States District Court
For the Northern District of California

1    smoothly.  Plaintiff sued defendants for breach of contract and other claims.  Defendants

2    counterclaimed for similar claims.

3          Currently the parties disagree over the scope of a protective order to apply to

4    information to be disclosed in discovery.  Each party has submitted proposed protective orders

5    to the other party and they have met and conferred but have been unable to reach an agreement.

6    Specifically, they disagree on whether John Mills, Softwareworks Group, Inc.'s (SWG)

7    president and in-house counsel, should have access to defendants' confidential commercial

8    information.  Consequently, defendants filed this motion for protective order.

9          Defendants argue that John Mills's status as a competitive decision-maker precludes him

10   from access to their highly confidential commercial information.  Plaintiff argues that it is

11   necessary for Mills to review the documents in order to adequately prepare plaintiff's case.[1]

## II.  LEGAL STANDARD

13         Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a

14   party or person from annoyance, embarrassment, oppression, or undue burden or expense" in

15   discovery by ordering "that a trade secret or other confidential research, development, or

16   commercial information not be revealed or be revealed only in a designated way . . .."  See FED.

17   R. CIV. P. 26(c)(7).  The party seeking a protective order has the burden of showing that the

18   protection is warranted under Fed. R. Civ. P. 26(c).

19         When determining whether in-house counsel should be permitted to access confidential

20   information of a competitor, the court must strike a balance between a party's interest in

21   safeguarding its confidential information and the opposing party's right to broad discovery

22   under Fed. R. Civ. P. 26(b)(1).  See Brown Bag Software v. Symantec Corp., 960 F.2d 1465,

23   1470 (9th Cir. 1992).  In balancing these interests, the court considers the risk that counsel will

24   inadvertently disclose confidential information to the client, as well as the potential impairment

25   to the opposing party's case if the requested access to the information is denied.  See id.

26

27   [1] Plaintiff filed an ex parte application for continuance of this motion that was denied
     by the Court.  Subsequently, plaintiff filed its opposition a week late.  The Court disapproves
     of plaintiff's casual disregard of its obligation to make timely filings and warns against
28   another occurrence.  Nevertheless, in accord with its policy of preferring substance over
     procedure, the Court will consider plaintiff's opposition.

United States District Court
For the Northern District of California

1           Access to confidential information cannot be denied, however, solely because of

2   counsel's in-house status.  U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir.

3   1984); see also Brown Bag, 960 F.2d at 1470.  Whether an unacceptable opportunity for

4   inadvertent disclosure exists must be determined by examination of the specific facts of each

5   case on a counsel-by-counsel basis.  Id.  Nonetheless, a request for access might properly be

6   denied "where in-house counsel are involved in 'competitive decisionmaking,'" a term that the

7   Federal Circuit has defined as "shorthand for a counsel's activities, association, and relationship

8   with a client that are such as to involve counsel's advice and participation in any or all of the

9   client's decisions (pricing, product design, etc.) made in light of similar or corresponding

10  information about a competitor."  U.S. Steel Corp., 730 F.2d at 1468 n.3.

### III.  DISCUSSION

12          Defendants are concerned about information related to other business contacts and

13  customers that were not involved with the acquisition of SWG.  Specifically, defendants are

14  worried about their customer and vendor lists.

15          Defendants argue that Mills is the competitive decision-maker of SWG and thus, should

16  not have access to defendants' "Attorneys' Eyes Only" documents.  In many circumstances, in-

17  house attorneys are properly characterized as competitive decision-makers.  See Brown Bag,

18  960 F.2d at 1471 (holding there was no abuse of discretion when a magistrate judge precluded

19  in-house counsel from reviewing documents when the in-house counsel was responsible for

20  advising his employer on many legal issues, including contracts, marketing, and employment).

21  But SWG represents that it has no more business operations and no current source of income.

22  (Mills Decl. In Supp. of Pl.'s Mem. in Opp'n to Defs.' Alternative Mot. to Dismiss or Transfer

23  Venue ¶ 29; see also Pl.'s Statement of Opp'n to Defs.' Pending Mot., at 2).  Apparently, Mills

24  is no longer responsible for advising on issues related to contracts, marketing, and employment.

25  Thus, Brown Bag's competitive-decision-making rationale to deny access is not present here.

26          Defendants allege that Mills has in the past made derogatory comments to defendants'

27  customers.  Plaintiff denies any such behavior by Mills.  However, neither side has offered any

28  proof.  Therefore, the Court finds this line of argument to be speculative and unconvincing.

1   Even if, arguendo, Mills had made such comments in the past, there is no reason to assume he

2   would now disobey a court order about misuse of information provided by the defendants in

3   discovery.

4           Using the balancing test from Brown Bag, the court must weigh SWG's need for in-

5   house counsel to review the documents against the risk of Mills using the information to tarnish

6   defendants' reputations.  There is no evidence to support defendants' allegations of improper

7   prior behavior by Mills.  Moreover, SWG is no longer in competition with defendants.  The

8   court concludes that the risk of unauthorized use by Mills of the information that concerns

9   defendants is negligible (assuming an appropriate protective order) but that the detriment to

10  plaintiff if the information is denied to Mills could be substantial.[2]

**IV.  ORDER**

12          Based on the foregoing, it is ordered that defendants' motion for protective order

13  precluding access by John Mills to "Attorneys' Eyes Only" information is DENIED.

14          The parties are directed to attempt to agree on a stipulated protective order.  If they

15  cannot, each may submit a proposed version to the Court for its selection.

17          IT IS SO ORDERED.

21  Dated:   11/29/06

22                                                  /s/  Howard R. Lloyd
                                                    HOWARD R. LLOYD
23                                                  UNITED STATES MAGISTRATE JUDGE

---

28          [2] Since the defendants do not object to producing the documents, the court assumes
    that defendants have acknowledged the documents' relevance and potential benefit to
    plaintiff.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**Notice will be electronically mailed to:**

2

Lael D. Andara landara@ropers.com, aslanlair@ropers.com; mmcpherson@ropers.com;
3
lkoozmin@ropers.com

4
Robert P. Andris randris@ropers.com, lkoozmin@ropers.com; mmcpherson@ropers.com

5
Robert Lloyd Maines maines@robertmaineslaw.com, jmills@OMM.com
6

7
**Counsel are responsible for distributing copies of this document to co-counsel who have**
8
**not registered for e-filing under the court's CM/ECF program**.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5