*E-filed 3/6/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWAREWORKS GROUP, INC., | No. C06-04301 HRL |
| Plaintiff, | **ORDER CONDITIONALLY GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW; ORDER FOLLOWING STATUS CONFERENCE** |
| v. | |
| IHOSTING, INC., et al., | |
| Defendants. | **[Re: Docket Nos. 45, 54]** |
| IHOSTING, INC., et al., | |
| Counterclaimants, | |
| v. | |
| SOFTWAREWORKS GROUP, INC., | |
| Counterdefendant. | |

    This case involves a contract deal gone wrong in the spring of last year. Defendants bought the assets and customers of plaintiff, an internet host company, but the ensuing "migration" of plaintiff's customers from California to defendants in New Jersey did not go smoothly. Plaintiff sued defendants for breach of contract and other claims. Defendants counterclaimed for similar claims.

    In January 2007, defendants' counsel filed a motion to withdraw, citing, *inter alia*, defendants' failure to communicate with counsel. Defendants' attorneys found themselves

1 unable to respond to discovery or plan for an upcoming settlement conference. On an order
2 dated February 15, 2007, the court stayed pending discovery and set a status conference to
3 coincide with the hearing on the motion to withdraw.

4 After conducting the hearing/status conference, the court conditionally GRANTS
5 defense counsel's motion to withdraw. Because substitute counsel has not appeared and the
6 defendants have not agreed to appear *pro se* (nor could the corporate defendants do so), this
7 leave to withdraw is conditioned on defense counsel continuing to receive papers related to this
8 action and forwarding such papers to the defendants. Civil Local Rule 11-5(b). This condition
9 will remain in place unless or until new counsel appears (or, in the case of the individual
10 defendant, until he enters an appearance *pro se*).

11 Despite this limited continuing involvement of defense counsel in the service process,
12 the individual defendant, Michael Kofman, is now solely responsible for representing himself
13 and protecting his rights in this action. The corporate defendants, however, are legally
14 incapable of representing themselves. The corporate defendants cannot defend this action or
15 prosecute the cross-complaint without the assistance of an attorney who has formally appeared
16 in this action. In order to protect their rights, the corporate defendants must forthwith procure
17 such formal legal representation.

18 As for the case schedule, the fact discovery deadline is hereby extended to April 9,
19 2007. The court's order of February 15, 2007 stayed discovery, essentially stopping the clock
20 with respect to outstanding discovery propounded by plaintiff. The stay is hereby lifted and the
21 defendants' time for responding to discovery is once again running. For example, the response
22 to plaintiff's First Set of Requests for Production of Documents, which was due February 21,
23 2007 (six days from the date of the order staying discovery), is now due March 12, 2007 (six
24 days from the date of this order).

25 //
26 //
27 //
28 //

1  Finally, defense counsel represented at the status conference that he would share
2  defendants' contact information, to the extent it is available, with the plaintiff and the court.

4  IT IS SO ORDERED.

6  Dated: 3/6/07

      /s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

**Notice will be electronically mailed to:**

Lael D. Andara landara@ropers.com, aslanlair@ropers.com; mmcpherson@ropers.com; lkoozmin@ropers.com

Robert P. Andris randris@ropers.com, lkoozmin@ropers.com; mmcpherson@ropers.com

Robert Lloyd Maines maines@robertmaineslaw.com, jmills@OMM.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.