*E-filed 4/30/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWAREWORKS GROUP, INC., | Case No. C06-04301 HRL |
| Plaintiff, | **ORDER STRIKING ANSWER AND DISMISSING COUNTERCLAIM** |
| v. | |
| IHOSTING, INC., WEBHOSTING PLUS, INC., and MICHAEL KOFMAN, | Re: Docket No. 25 |
| Defendants. | |
| And Related Cross-Action | |

Pursuant to this court's order of April 5, 2007, which required defendants to perform specific actions by April 19, 2007 or have their answer stricken and their counterclaim dismissed, the court finds that defendants have complied with none of the conditions set in that order, and the court STRIKES the answer and DISMISSES the counterclaim. These actions are explained in more detail below.

This action arises out of a business deal among web-hosting companies. Plaintiff alleges that defendants failed to make payments due under a secured promissory note. Plaintiff sued for breach of contract and other claims; defendants counterclaimed for similar claims. In January 2007, defense counsel moved to withdraw from the representation of defendants,

1  stating that a breakdown in attorney-client communication had occurred and that counsel had
2  not been able to communicate with the clients for over a month.  The court was forced to
3  postpone a planned settlement conference when it appeared that defendants had no intention of
4  attending.  Defendants ceased all contact with this court, and apparently, with their lawyers.
5  The court temporarily stayed discovery on February 15, 2007.  On March 6, 2007, the court
6  conditionally granted the motion to withdraw, ordering defense counsel to continue to receive
7  and forward documents to defendants.  The court ordered the corporate defendants to
8  "forthwith" procure new counsel, instructed the individual defendant, Michael Kofman, that he
9  would be responsible for his own representation, and set the discovery process back on track.
10 Defendants failed to procure new counsel, respond to discovery, arrange a settlement
11 conference, or in any way signify to this court that they intended to participate in this litigation.
12 On April 5, 2007, the court issued an order to show cause why the court should not strike the
13 answer and dismiss the counterclaim.  In that order, the court stated that, to avoid such
14 consequences, by April 19, 2007: (1) counsel for the corporate parties must file a notice of
15 appearance; (2) Kofman must file a notice of appearance in pro se or file a notice of appearance
16 by an attorney on his behalf; (3) defendants must contact Judge Trumbull's chambers to arrange
17 a settlement conference; and (4) defendants must respond to outstanding discovery or explain to
18 the court why a response has not been made.  Defendants failed to respond in any way to the
19 April 5 order.

20    Defendants have violated several of the Federal Rules of Civil Procedure, and severe
21 sanctions are in order.  First, defendants disobeyed the following court orders: (1) the court's
22 February 5, 2007 order to conduct a settlement conference within 60 days; (2) the court's March
23 6, 2007 order to obtain new counsel; and (3) the court's April 5, 2007 order to show cause.  Rule
24 16(f) of the Federal Rules of Civil Procedure states that if a party fails to obey a scheduling or
25 pretrial order, the judge may make any of the orders provided in Rule 37(b)(2)(B), (C), or (D).
26 Rule 37(b)(2)(C) authorizes court orders striking out pleadings and dismissing actions.  This
27 alone would be authority enough for the court to strike defendants' answer and dismiss their
28 counterclaim.

2

<p>
</p>


**United States District Court**
For the Northern District of California

Defendants have also violated the standards of Rule 37 itself by failing to obey this court's April 5, 2007 order to either respond to all outstanding discovery, with a copy of the response submitted to the court by April 19, 2007, or by that same date explain to the court why they have not complied. As a discovery sanction under Rule 37(b)(2)(C), this court is entitled to strike the answer and dismiss the counterclaim.

Finally, Rule 41(b) authorizes this court to dismiss the counterclaim for failure to prosecute and for failure to comply with the Federal Rules and court orders. Courts in the Ninth Circuit evaluate the following factors when considering dismissal, with prejudice, for failure to prosecute or failure to comply with court orders: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Here, the first two factors, as always, favor dismissal. Plaintiff has expressed concern that it will be prejudiced by further delay in this action because it needs to protect its position with respect to other creditors of defendants. Thus, the third factor favors dismissal of the counterclaim. Disposition on the merits appears unlikely, as defendants are failing to move the case along towards a merits-based outcome. Finally, the court attempted less drastic sanctions in its order of April 5, 2007. The court even gave defendants a clear warning that their counterclaim would be dismissed. The warning in the order to show cause has gone unheeded; more drastic sanctions are now in order.

Pursuant to Rules 16(f), 37(b)(2)(C), and 41(b), defendants' answer is hereby stricken out, and the counterclaim is dismissed with prejudice (Docket No. 25).

**IT IS SO ORDERED.**

Dated:  4/30/07                                        /s/  Howard R. Lloyd
                                                                       HOWARD R. LLOYD
                                                                       UNITED STATES MAGISTRATE JUDGE

3

1 THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Lael D. Andara landara@ropers.com, aslanlair@ropers.com; mmcpherson@ropers.com; lkoozmin@ropers.com

Robert P. Andris randris@ropers.com, lkoozmin@ropers.com; mmcpherson@ropers.com

Robert Lloyd Maines maines@robertmaineslaw.com, jmills@OMM.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:    4/30/07                              /s/ JMM
                                               Chambers of Magistrate Judge Howard R. Lloyd

4