*E-filed 7/27/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWAREWORKS GROUP, INC., | Case No. C06-04301 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND JUDGMENT** |
| v. | |
| IHOSTING, INC., WEBHOSTING PLUS, INC., and MICHAEL KOFMAN, | |
| Defendants. | Re: Docket No. 66 |

Plaintiff, Softwareworks Group ("SWG"), seeks entry of default judgment against IHosting, Inc. and WebHosting Plus, Inc.[1]

BACKGROUND

This action arose out of a business deal among web-hosting companies. SWG sold nearly all of its assets to IHosting pursuant to an asset purchase agreement ("the Agreement"). Under its terms, IHosting became the noteholder of a secured promissory note ("the Note") in the amount of $724,800. WebHosting Plus guaranteed the Note. IHosting made only the first scheduled installment payment before defaulting under the terms of the Note. As such, the outstanding balance became due immediately. The parties attempted to negotiate repayment of

---

[1] The remaining defendant, Michael Kofman, has filed a petition in bankruptcy and this matter is stayed as to him.

the Note (IHOSTING made two $10,000 payments). However, these attempts failed and SWG sued.

While the parties were engaged in discovery proceedings, Defendants ceased contact with Plaintiff and the court. After several attempts to set the discovery process back on track, this court issued an order to show cause to Defendants. When they did not respond, Defendants' answer was stricken from the record and the counterclaim was dismissed with prejudice. Thereafter, the Clerk entered default against Defendants, who have not moved to set aside the default or responded in any way. SWG requested entry of default judgment and an evidentiary hearing was noticed and conducted in accordance with the requirements of FRCP 55(b). [2]

## ANALYSIS

The decision to enter default judgment is within the discretion of the court. *Shanghai Automation Instrument Co., v. Kuei*, 194 F.Supp.2d 995, 999-1000 (N.D.Cal., 2001). The following factors are to be considered in exercising this discretion: (1) prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) potential disputes concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986)). When default has been entered, the complaint's factual allegations along with other competent evidence must be taken as true. *Shanghai*, 194 F.Supp. 2d at 1000.

John Mills, president and member of the board of directors of SWG, testified at the evidentiary hearing to the amount of damages. He also submitted a declaration and other materials supporting the damage calculation. Mills stated that Defendants were accountable for an outstanding balance of $653,029.00 for the Note.[3] Further, SWG asked for prejudgment

---

[2] F.R.C.P. 55:(b)(2) If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.

[3] Although the Note allows for a one-time downward adjustment if certain conditions are met, Mills testified that the adjustment was not triggered here.

2

1  interest in the amount of $44,074.87.  In support, Plaintiff relied on New Jersey law[4] which
2  permits the court, in its discretion, to award prejudgment interest in contract cases on an
3  equitable basis.  The amount of interest sought is based on a 5% annual interest rate, which this
4  court deems reasonable under these circumstances.  Accordingly, SWG sought a judgment
5  totaling $697,103.87.

6  In consideration of the *Eitel* factors, the court notes that Plaintiff has no other remedy
7  available to it, given Defendants' unwillingness to litigate this case.  Further, there is no reason
8  to suspect that the evidence submitted by SWG lacks trustworthiness.  Given the allegations and
9  the evidence presented, Plaintiff's claims against IHOSTING and WebHosting Plus appear to be
10 meritorious and the amount of money at stake is not excessive given the nature of the
11 transaction.  Finally, this court relies heavily on the fact that the default was not due to any
12 excusable neglect.  The defendants unilaterally relieved themselves of their obligation to defend
13 against these claims.  Thus, while there is a strong policy favoring decisions on the merits,
14 every other *Eitel* factor favors entry of default judgment for SWG.

15 Based on the foregoing reasoning, this court grants Plaintiff's motion for default
16 judgment in the amount prayed for.

## JUDGMENT

Judgment is entered in favor of Plaintiff and against defendants, IHOSTING and WebHosting Plus, in the amount of $697,103.87.  Plaintiff shall also recover reasonable attorney's fees and costs of suit.

Dated:  7/27/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] The Agreement includes a New Jersey choice-of-law provision.

3

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Lael D. Andara landara@ropers.com, aslanlair@ropers.com, lkoozmin@ropers.com, mmcpherson@ropers.com

Robert P. Andris randris@ropers.com, lkoozmin@ropers.com, mmcpherson@ropers.com

Robert Lloyd Maines maines@robertmaineslaw.com, jmills@OMM.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:   7/27/07                           /s/ KRO
                                    Chambers of Magistrate Judge Howard R. Lloyd

4