*E-filed 8/16/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SOFTWAREWORKS GROUP, INC.,                    Case No. C06-04301 HRL

      Plaintiff,                              **PARTIAL FINAL JUDGMENT
                                              PURSUANT TO F.R.C.P. 54(b)**

  v.

IHOSTING, INC., WEBHOSTING PLUS,
INC., and MICHAEL KOFMAN,

      Defendants.

_____/

     This court struck the answer and dismissed the counterclaims of Defendants, IHosting, Inc., WebHosting Plus, Inc. and Michael Kofman. [Docket No. 65]  Default was then entered by the clerk.  Thereafter, Plaintiff Softwareworks Group ("SWG") requested, and this court entered, default judgment and judgment. [Docket No. 74].   The judgment entered was therefore not based on an adjudication on the merits after trial.  Rather, it was based on Plaintiff's proof of entitlement to the damages awarded, plus costs and attorneys' fees pursuant to contract.  However, this judgment did not encompass all the claims in the complaint against all of the defendants.  As such, Plaintiff cannot collect on the judgment unless it is deemed a partial final judgment (PFJ) under Federal Rule of Civil Procedure 54(b).

//

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   A PFJ is justified here because judgment could not be entered against Defendant

2   Michael Kofman (owner of the corporate defendants), as his bankruptcy proceedings stay this

3   matter as to him.  Furthermore, the PFJ is justified because Plaintiff's single unresolved tort

4   claim is not inextricably intertwined as a matter of fact and law with the contract claims

5   resolved by this judgment.  (That claim was not adjudicated because Kofman is alleged to be

6   primarily responsible.)

7   Furthermore, PFJ is not prejudicial to Defendants and will not interfere with further

8   proceedings pertaining to either default or the remaining tort claim.  It would be inequitable to

9   deprive Plaintiff of the benefit of instituting a timely collection process for the judgment

10  amount, given the substantial value and liquidated nature of the resolved contract claims.  This

11  is true, especially given that any further proceedings would not occur for some time, if at all.  In

12  collecting a judgment of this nature and under these circumstances, time is of the essence.[1]  If

13  able to act upon the judgment now, Plaintiff will be afforded an opportunity to earn a financial

14  return greater than the prejudgment interest awarded by judgment.

15

16                                      **JUDGMENT**

17  Accordingly, this court now issues a Partial Final Judgment pursuant to Federal Rule of

18  Civil Procedure 54(b) against Defendants IHosting, Inc. and WebHosting Plus, Inc., in the

19  amount of $697,103.87 plus reasonable attorneys' fees and costs of suit. While recognizing that

20  the judgment adjudicates fewer than all of plaintiff's claims against fewer than all of the

21  defendants, the court expressly determines there is no just reason for delay and directs the entry

22  of this partial final judgment.

23

24  Dated: 8/15/07                              _____

25                                              HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

26

27

28  _____

   [1] Particularly, where Plaintiff was not paid in full for the sale of substantially all of its
   assets to Defendants, and then the corporate defendants announced cessation of business,
   while the individual defendant filed for bankruptcy.

                                         2

1    THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2

3    Lael D. Andara landara@ropers.com, aslanlair@ropers.com, lkoozmin@ropers.com,
     mmcpherson@ropers.com

4

5    Robert P. Andris randris@ropers.com, lkoozmin@ropers.com, mmcpherson@ropers.com

6    Robert Lloyd Maines maines@robertmaineslaw.com, jmills@OMM.com

7

8    **Counsel are responsible for transmitting this order to co-counsel who have not signed up
     for e-filing.**

9

10

11   Dated:    8/16/07                          _____/s/ KRO_____
                                                Chambers of Magistrate Judge Howard R. Lloyd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3