*E-filed 10/1/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWAREWORKS GROUP, INC., | Case No. C06-04301 HRL |
| Plaintiff, | **ORDER ON MOTION FOR ATTORNEY'S FEES** |
| v. | |
| IHOSTING, INC., WEBHOSTING PLUS, INC., and MICHAEL KOFMAN, | Re: Docket Nos. 77, 78 |
| Defendants. | |

Plaintiff Softwareworks Group ("SWG") moves for an award of attorney's fees. SWG submitted its declaration of counsel setting forth the costs and attorney's fees.

BACKGROUND

This suit resulted from a soured business deal. During the course of litigation, Defendants ceased contact with this court and their attorneys. Eventually, their answers were stricken and default judgment was entered against Defendants, iHosting, Inc and Webhosting Plus, Inc.[1]  That judgment was deemed a partial final judgment under Federal Rule of Civil Procedure 54(b) and accordingly amended. [Docket No. 74]. The judgment awarded costs and attorneys' fees, the amount to be determined after judgment was entered.

---

[1] The matter was stayed as to Michael Kofman due to his bankruptcy proceedings.

## DISCUSSION

While Maines' hourly rate is reasonable, some discussion of the hours claimed and the tasks associated with those hours is warranted. To begin, some of the legal services claimed at Maines' hourly rate could probably have been performed by an associate attorney or paralegal. However, it is very difficult to assess the reasonableness of time spent on discrete tasks because counsel utilized block billing, often in very large blocks of time.[2] To further complicate matters, counsel claims an amount in his declaration which slightly exceeds that reflected in attached billing statements. This discrepancy is not explained or addressed in the declaration.

On the other hand, this was a complicated case both legally and procedurally. Furthermore, counsel worked with the head of SWG, John Mills, in order to limit the work performed by Maines, and consequently the attorney's fees.[3]

After due consideration of the reasonableness of the fee request, the court GRANTS Plaintiff's motion IN PART. An award of attorneys fees and costs in the amount of $110,000 is ORDERED to be paid. This determination of the fee amount is made pursuant to the Partial Final Judgment's incorporation of fee award. Accordingly, even though the judgment adjudicated fewer than all of plaintiff's claims against fewer than all of the defendants, the court expressly determines there is no just reason to delay collection of this fee award.

**IT IS SO ORDERED.**

Dated: 10/1/07



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] *Welch v. Metropolitan Life Ins.*, 480 F.3d 942 (9th Cir. 2007) (emphasizing district court's authority to reduce block billed hours, reasoning that court cannot determine whether fee applicant has met evidentiary burden when multiple tasks are lumped together).

[3] Mills, a licensed attorney, was able to work on discovery preparation and other matters which were not included in the attorney fee calculation.

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Lael D. Andara    landara@ropers.com, aslanlair@ropers.com, lkoozmin@ropers.com, mmcpherson@ropers.com

Robert P. Andris    randris@ropers.com, lkoozmin@ropers.com, mmcpherson@ropers.com

Robert Lloyd Maines    maines@robertmaineslaw.net, jmills@OMM.com

**\*Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:    10/1/07             /s/ KRO
                              Chambers of Magistrate Judge Howard R. Lloyd

3